*J. J. Landrum, for appellee.*

---

### JOHN RYAN *v.* JOHN KANELLA.

[Abstract Kentucky Law Reporter, Vol. 7—358.]

**Verdict Flagrantly Against the Evidence.**

Where a verdict is flagrantly against the evidence this court will reverse, but not otherwise.

**Adverse Possession May Give Title.**

Where adverse possession of real estate is relied upon to give title it must be shown that the claimant actually claimed the real estate in dispute as his own as against all persons, and that his claim has been continuously asserted for at least fifteen years, during all of which time he or his grantors have been in possession.

APPEAL FROM FLEMING CIRCUIT COURT.

November 7, 1885.

OPINION BY JUDGE PRYOR:

The record filed January 28, 1885, contains a full and complete copy of the proceedings had. There was no motion to exclude it before the submission, and the court will now consider so much of it as is embraced by the bill of evidence and exceptions. The instructions are not part of the bill of exceptions and so will not be considered. The deposition of Mrs. Bishop is not in the bill of evidence and therefore will not be treated as part of the record. The court below has certified that the bill contains all the evidence and therefore the presumption is that the deposition of Mrs. Bishop was not read in the case. The only question raised or that can properly be raised by the appellant is as to the sufficiency of the testimony to sustain the verdict. If flagrantly against the testimony a reversal will follow; not otherwise.

The legal title to this disputed land is in the appellant, of this there can be no doubt unless an adverse possession by the appellee for the period of fifteen years before the entry by the appellant deprives him of that title. But has the appellant and those under whom he claims ever been out of possession? The dispute is as to the location of the boundary line between lot 39 and lot 41 in the town of Flemmingsburg. The appellant is in possession of lot 39, and the appellee of lot 41. If the boundary line between the two lots as·shown by the plat of the town is to govern, then the land belongs to the appellant; and if they claimed to hold under deeds or regular conveyances, the title would still be in the appellant from the proof. Many witnesses were introduced on each side, some of the testimony conflicting as to the character of the possession. Several witnesses were introduced by the appellant showing the existence at one time of a fence marking the boundary line, while those for the appellee show or conduce to show that the witnesses for the appellant were mistaken, and if the question depended upon the existence or nonexistence of a fence on or near the line at any time, the verdict would not be disturbed because the testimony is conflicting.

A diagram of the lots as we find them in the plat will serve to illustrate the manner in which this case has been considered by the court. The line dividing the two lots is the true line as fixed by the plat of the town; but Kanella claims that he has adverse possession of lot No. 41, claiming the true boundary to be beyond the real line,

covering the disputed spot, and has his chicken coop supported by the wall of appellant's house that is on the line claimed by him, and this gives him adverse possession. Appellee does not admit that he is beyond the real line but the proof shows this fact conclusively, and the right of recovery must arise from his adverse possession. Both the deeds and the plat show title in appellant and the adverse holding must alone be relied on to show title. What sort of claim did the appellee assert to the disputed territory to make the holding by him adverse? He never asserted any as against the owner of lot No. 39 so far as this record shows until the appellant asserted his right to the real boundary. Nor have we been able to find where he ever had an actual possession of any part of the disputed land, except the ground covered by the chicken coop, and this is not evidence sufficient to establish the line or an adverse claim, the only proof being that the chicken coop was located adjoining the house of the appellant. The appellee says that he never claimed the land to any one, never told any one that he claimed it as his. "There was no fence between us and I claim under the deed from Bishop."

If, then, Ryan or his vendors were in possession of lot 39 and appellee and his vendors in possession of lot 41, each claiming to the extent of his boundary, the one was as much in the possession as the other, and the real line must determine their respective rights.

If there was no fence between them then the line dividing the two lots must govern, and the mere possession by the appellee of his lot can not give him an adverse title beyond the real line although his claim may have been notorious. Nor would the chicken coop, although against appellant's house, give an adverse possession to any greater extent than the ground it covered, and with no other testimony the inference is that it was there by permission. There is much proof about the division fence; but, regarding the fact that the jury had determined there was no fence, still without a fence the one was as much in possession as the other and the real line will control. The appellant traces his title back to the year 1843 from one Botts and the appellee from the same source. Those deeds fix the lines as they are found on the town plat, and the parties originally entered under them. Upon this state of fact, how is either occupant to go beyond the real line? Such being the facts of this record we see no evidence of adverse possession in the appellee,

conceding that his chicken coop had been against the Yeatman house for twenty years.

In our opinion the new trial should have been granted. If the deeds made directly to the appellant or appellee changed the boundary it could give no adverse possession to either unless there was an actual enclosure.

Judgment *reversed* and remanded with directions to award a new trial and for proceedings consistent with this opinion.

*Hargis & Eastin, M. M. Teagar, for appellant.*

*Wm. Lindsay, W. A. Sudduth, W. H. Cord, for appellee.*